**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BesRay Corp.,<br><br>Plaintiff,<br><br>v.<br><br>Republic Services, Inc. and BFI Waste Services, LLC,<br><br>Defendants. | Civil Action No. ______________<br><br>**Removed From:**<br>The Superior Court of Fulton County, Georgia.<br>Case No.: 25CV009258 |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA AND TO PLAINTIFF BESRAY CORP. AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Republic Services, Inc. ("RSI") and BFI Waste Services, LLC ("BFI") (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for removal are set forth below:

## PROCEDURAL BACKGROUND

1. On July 8, 2025, Plaintiff Besray Corp. ("Plaintiff"), on behalf of itself and all others similarly situated, filed a Class Action Complaint ("Complaint") in

the Superior Court of Fulton County, Georgia (the "State Court Action"), Case No. 25CV009258. BFI and RSI are the only named Defendants in the State Court Action.[1]

2. Plaintiff seeks to certify a class consisting of similarly situated businesses that were allegedly overcharged through the imposition of "unlawful Rate Increases." [Complaint, ¶ 1]

3. Plaintiff asserts claims for: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) unjust enrichment; (4) violation of Georgia's Uniform Deceptive Practices Act Ga. Code § 10-1-370; and (5) fraud in the inducement. [*Id.*, ¶¶ 46-87]

4. Plaintiff seeks certification of a class naming itself as representative of the Class and his attorneys as Class Counsel to represent the Class members. Moreover, Plaintiff seeks compensatory damages, punitive damages, restitution, injunctive relief, interest and attorneys' fees and costs incurred in bringing suit suit. [*See id.*, ¶ 88]

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5. The Complaint in the State Court Action was filed with the Clerk of the Superior Court of Fulton County, Georgia on July 8, 2025.

---

[1] RSI is not a proper party to this lawsuit and does not consent to jurisdiction in any Court in Georgia. BFI is the operating entity that contracted with the Plaintiff to provide waste removal services.

6. On August 7, 2025, Defendants received and agreed to accept service of the Complaint vial email (and expressly reserved all jurisdictional challenges). A true and correct copy of the State Court Action docket as of August 21, 2025 is attached hereto as "**Exhibit 1**." A true and correct copy of the Complaint is attached hereto as "**Exhibit 2**." A true and correct copy of the Summons issued to RSI is attached hereto as "**Exhibit 3**." A true and correct copy of the Summons issued to BFI by the State Court Clerk is attached hereto as "**Exhibit 4**." This Notice of Removal is being filed with this Court within 30 days after Defendants received service from Plaintiff of its initial pleading setting forth the claims for relief. *See* 28 U.S.C. § 1446(b)(1).

7. Promptly after filing this Notice of Removal, Defendant will provide written notice of removal of this action to Plaintiff through his attorneys of record in the State Court Action, and it will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of Fulton County, Georgia in the State Court Action, as required by 28 U.S.C. § 1446(d).

8. By removing the State Court Action to this Court, Defendant does not waive any defenses that are available under state or federal law, including its challenges to a Georgia court's jurisdiction over either defendant or any of the claims (whether in state or federal court).

## VENUE ASSIGNMENT

9. Venue lies in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint was filed in this District. Pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Northern District of Georgia because Plaintiff filed this case in the Superior Court of Fulton County, Georgia.

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED UPON JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA")). Federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more; and (3) "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (d)(5)(B). This is a putative class action. [*See e.g.*, Complaint, ¶¶ 15–22] As set forth below, all additional requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

## I. PLAINTIFF AND DEFENDANT ARE CITIZENS OF DIFFERENT STATES.

11. In this matter, diversity of citizenship exists because Plaintiff and Defendants are citizens of different states. *See* 28 U.S.C. § 1332(d)(2).

12. Plaintiff alleges that it is a resident of Georgia because it is a Georgia company, located in Atlanta, Georgia and "[i]t only has one member and he is domiciled in Georgia." [Complaint, ¶ 6] Moreover, according to a public records search on the Georgia Corporation Division website, Plaintiff's principal business address is located in Atlanta, GA and is incorporated under the laws of Georgia. *See* http://ecorp.sos.ga.gov/businesssearch/BusinessInformation?businessId=1014374&businessType=Domestic%20Profit%20Corporation&fromSearch=True (last viewed 8/14/25). A company is a "citizen" of the state where it has its primary place of business and the state where it is incorporated. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (recognizing that a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business") (quoting 28 U.S.C. §1332(c)(1)) ( quotations omitted) (quote deemphasized).

13. RSI is incorporated and organized under the laws of the State of Delaware with its principal place of business located in the State of Arizona. [Complaint, ¶ 8; *See also* Declaration of Sarah Sutton (attached hereto as "**Exhibit 5**," ¶¶ 3-4)] Thus, RSI is a citizen of Delaware and Arizona—but not Georgia—for

diversity-jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 80 (recognizing that a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business") (quoting 28 U.S.C. §1332(c)(1)) (quotations omitted) (quote deemphasized). As a result, minimum diversity exists as RSI is a citizen of different states than the Plaintiff, Besray Corp.

14. To take it one step even further, though not necessary to establish minimal diversity, BFI is incorporated and organized under the laws of the State of Delaware with its principal place of business located in the State of Arizona. [Complaint, ¶ 8] Thus, BFI is a citizen of Delaware and Arizona—but not Georgia—for diversity-jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 80 (recognizing that a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business") (quoting 28 U.S.C. §1332(c)(1)) (quotations omitted) (quote deemphasized).

15. For minimal diversity to exist, one plaintiff must be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, the named Plaintiff is diverse from both Defendants. The minimal diversity requirement is therefore satisfied.

## II. PLAINTIFF ALLEGES A PROPOSED CLASS THAT EXCEEDS 100 MEMBERS

16. Based upon the allegations in the Complaint, the number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Specifically, Plaintiff alleges that the class action will "ensur[e] that the rights of thousands of small businesses are vindicated through the efficiency of a single trial." [Complaint, ¶ 3] Allegations in the Complaint, including the potential class size of "thousands of class members," may be relied upon by Defendant to demonstrate that there is plausibly a class of more than 100 putative class members. *Bankhead v. Castle Parking Sols., LLC*, No. 1:17-cv-4085-WSD, 2017 WL 10562976, at *3 (N.D. Ga. Dec. 1, 2017) (quotations omitted). Accordingly, the alleged number of putative class members is over 100 and, thus, this requirement is satisfied.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

17. Although Defendant concedes neither liability on Plaintiff's claims nor the propriety or breadth of any class as alleged by Plaintiff, it is more than plausible that the amount of recovery sought by Plaintiff in this action exceeds $5,000,000 in compensatory damages, punitive damages, restitution, injunctive relief, attorneys' fees and other costs combined. *See, e.g.*, 28 U.S.C. § 1332(d)(2); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) ("a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [$5 million] jurisdictional requirement") (quotations and

citation omitted); *see also Meeks v. Am. Express Centurion Bank, Inc.*, No. 1:10-CV-3336-AT, 2011 WL 13217301, at *2 (N.D. Ga. Apr. 6, 2011) ("District courts may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'") (citation omitted).[2]

18. "[T]he amount in controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. Here, the Complaint states that Defendants "carri[ed] out a deliberate scheme to repeatedly increase rates without contractual justification by amounts that far exceed any increases in costs or CPI" which results in Defendants recovering "tens of millions of dollars of unearned profit from its customers." [Complaint, ¶ 19 (emphasis added); *see also id.*, ¶ 27 (claiming Defendants have "wrongfully taken millions of dollars from its customers over the statutory period")] Thus, the amount in controversy exceeds $5 million in compensatory damages alone. *See Bankhead*,

[2] In alleging the amount in controversy for purposes of removal, Defendant does not concede or acknowledge in any way that the allegations in the Complaint are accurate or that Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. *See Pretka*, 608 F.3d at 751 (explaining that 'the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.'") (citation omitted). Nor does Defendant concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of the proposed class members are entitled to any recovery in this case, or are appropriately included in the putative class.

2017 WL 10562976, at *3 ("The totality of the allegations, including Plaintiffs' claim that millions in unlawful fees have been collected, is a sufficient 'base amount'").

19. Moreover, 'the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.'" *Id.* (citation omitted); *see also Kennedy v. VGW Holdings Ltd.*, No. 1:24-CV-2184-TWT, 2024 WL 4491821, at *3 (N.D. Ga. Oct. 15, 2024) ("[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.") (citation omitted).

20. Plaintiff also seeks recovery of attorneys' fees in this putative class action, which are included in the amount in controversy for purposes of CAFA jurisdiction.[3] *See Bankhead*, 2017 WL 10562976, at *3 (calculating "potential attorney's fees, treble damages, and punitive damages" in the amount of controversy). In successful class action litigations, courts in the Eleventh Circuit "typically award between 20-30%, known as the benchmark range," for attorney's fees. *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019).

---

3 Defendant does not concede or acknowledge in any way that Plaintiff or any proposed class member is entitled to recovery of any fees and costs in this case.

21. Additionally, Plaintiffs seek injunctive relief and punitive damages. [Complaint, ¶ 88] Although unnecessary here, both the value of the injunctive relief and punitive damages can be counted as part of the amount in controversy for purposes of meeting the minimum threshold amount of $5 million.

22. Based upon the allegations contained in the Complaint, Defendant believes that the amount being sought by Plaintiff and the putative class exceeds $5,000,000 in compensatory damages alone, and the pursuit of prospective attorneys' fees, costs, and other expenses of suit only push the value further over the threshold limit of $5,000,000. [*See* Declaration of Ryan Newell (attached hereto as "**Exhibit 6"**), ¶ 7]

23. This dispute therefore meets the minimum amount in controversy requirement for CAFA jurisdiction.[4]

[Remainder of Page Intentionally Left Blank]

[4] If challenged, Defendant reserves the right to offer additional evidence or information to establish the amount in controversy on all claims alleged in the Complaint. *Pretka*, 608 F.3d at 774 ("the jurisdictional evidence that [the defendant] attached to its opposition to remand should not have been excluded merely because it was submitted in response to the plaintiffs' motion to remand").

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-captioned action to this Court from the Superior Court of Georgia, County of Fulton.

Respectfully submitted this 21st day of August 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ John R. Bielema*
John R. Bielema, Esq.
Georgia Bar No. 056832
1201 W. Peachtree Street, 14th Floor
Atlanta, Georgia 30309
Tel: (404) 572-6600
Email: john.bielema@bclplaw.com

*Attorney Republic Services, Inc. and BFI Waste Services, LLC*

## CERTIFICATION UNDER L.R. 7.1.D

I hereby certify that the foregoing pleading has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in L.R. 5.1.

This 21st day of August 2025.

*/s/ John R. Bielema*
John R. Bielema, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2025, a true and correct copy of the foregoing **Defendants' Notice of Removal** was e-filed with the Court using the ECF System and was served via U.S. Mail and email addressed as follows:

Hunter M. Phares, Esq.
Hirlye R. Lutz, III, Esq.
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205

Email: jphares@corywatson.com
rlutz@corywatson.com

Nicholas W. Armstrong, Esq.
Oscar M. Price, IV, Esq.
Graham Cotton, Esq.
Price Armstrong, LLC
1919 Cahaba Road
Birmingham, AL 35223

Email: nick@pricearmstrong.com
oscar@pricearmstrong.com
graham@priceamrstrong.com

*/s/ John R. Bielema*
John R. Bielema, Esq.